70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Peter BAUMGARTEN, Plaintiff-Appellant,
v.
Michael W. BRENNAN, Norman L. Saracoff, Cathy J. Gorst, Joan
D. Eloranta, and Judith Baumgarten, Defendants-Appellees.
 No. 94-3310.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 3, 1995.*
Decided Nov. 16, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Peter Baumgarten, believing that his federal constitutional rights were violated during divorce and custody proceedings in the state of Wisconsin, filed suit in federal court pursuant to 42 U.S.C. Secs. 1983, 1985(3), 1986, and 1988 seeking compensatory and punitive damages. The district court dismissed the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and Baumgarten appeals. We affirm the dismissal of the judicial officers on immunity grounds and vacate and remand in part with instructions for the district court to dismiss the claims against the attorneys and Judith Baumgarten for want of jurisdiction.
 
 
 2
 In his complaint, Baumgarten contends that Michael Brennan, a state circuit court judge, unlawfully ordered the seizure of his property and his arrest for failure to pay maintenance and insurance premiums and that both Judge Brennan and Wisconsin Family Court Commissioner Norman Saracoff wrongfully placed restrictions upon the exercise of his parental rights because of his sex. The other defendants, Baumgarten's attorney Cathy Gorst, his ex-wife Judith Baumgarten and her attorney Joan Eloranta allegedly acted individually and in concert with Brennan and Saracoff to deprive Mr. Baumgarten of his rights.
 
 
 3
 The district court dismissed the complaint as to Brennan and Saracoff on the basis of judicial immunity. It dismissed the claims against the remaining defendants because Baumgarten failed to allege that they acted under color of state law and failed to allege that they violated his rights based on his membership in a particular class. We review the district court's grant of a motion to dismiss under Rule 12(b)(6) de novo. Zarnes v. Rhodes, 64 F.3d 285, 289 (7th Cir.1995).
 
 
 4
 Judges are immune from suit for actions taken in their judicial capacity and within their subject matter jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Stump v. Sparkman, 435 U.S. 349 (1978); Homola v. McNamara, 59 F.3d 647, 651 (7th Cir.1995). They will not be held liable for acts performed in excess of their jurisdiction or which are alleged to have been done maliciously or corruptly. Stump, 435 U.S. at 356.
 
 
 5
 Under Wisconsin law the family court commissioner has the power to "conduct hearings and enter judgments in actions for enforcement of, or revision of judgment for, maintenance, child support, custody, physical placement or visitation." Wis.Stat.Ann. Sec. 767.13(5)(b) (West 1993 & Supp.1994) (amended 1993). Accordingly, both Brennan and Saracoff had jurisdiction over the subject matter. Moreover, the seizure of property, the issuance of an arrest warrant, and the entry of judgments pertaining to custody and spousal maintenance are clearly functions which are judicial in nature. Mireles, 502 U.S. at 13 ("the relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.' "). Brennan and Saracoff therefore were properly granted judicial immunity. In addition, the claim for damages against them in their official capacities is barred by the sovereign immunity of the State of Wisconsin. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Nowicki v. Cooper, 56 F.3d 782, 784 (7th Cir.1995).
 
 
 6
 The claims against the remaining defendants, however, should have been dismissed for want of jurisdiction. The lower federal courts are without authority to review final judgments of a state court in civil proceedings; instead the litigant must seek review in the United States Supreme Court. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Baumgarten lost in the state proceedings and then filed in federal court asserting injury at the hands of the state court. Although he requests only monetary damages, in effect he seeks to undo the remedial orders of the state courts which allegedly seized his property and placed restrictions on his parental rights. Such an attempt at collateral review of the state courts' decisions is barred by the Rooker-Feldman doctrine. See Nesses v. Shepard, No. 93-3928, slip op. at 2 (7th Cir. Oct. 10, 1995); Homola, 59 F.3d at 650. Accordingly, we vacate the dismissal of the claims on the merits against Judith Baumgarten and the attorneys and instruct the district court upon remand to dismiss them for want of jurisdiction.
 
 
 7
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement was filed. Accordingly, the appeal is submitted on the briefs and the record